**WO**                NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary E. Shefferd, | No. CV-16-08000-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Drury Hotels Company, LLC, | |
| Defendant. | |

At issue is Defendant's Notice of Removal (Doc. 1, Notice of Removal) filed on January 5, 2016. The Court has reviewed the Notice of Removal and Plaintiff's Complaint and finds that Defendant's allegation that the amount in controversy exceeds $75,000 is not yet plausible.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Here, Defendant has asserted diversity jurisdiction as the basis for removal. (Notice of Removal ¶ 15.) Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*

*v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

In this instance, the Court questions Defendant's allegation that the amount in controversy threshold is met here. In the Complaint, Plaintiff alleges only that she was injured when she slipped and fell on stairs maintained by Defendant. (Doc. 1-1 at 2-7, Compl. ¶ 14.) The Complaint contains no allegations of Plaintiff's damages or the nature and extent of Plaintiff's injuries. In the Notice of Removal, Defendant states that it sought clarification from Plaintiff of the amount of damages sought, but Defendant received no response. (Notice of Removal ¶ 15.) The Notice of Removal provides no other support for Defendant's allegation that the amount in controversy exceeds $75,000 in this matter, and that allegation is thus wholly conclusory.

When a defendant's assertion of the amount in controversy is challenged—here, by the Court—then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554. The Ninth Circuit Court of Appeals has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199-1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.*

IT IS THEREFORE ORDERED that Plaintiff and Defendant shall each submit to the Court any proof of the amount in controversy in this matter by January 22, 2016.

Dated this 7th day of January, 2016.

Honorable John J. Tuchi
United States District Judge

- 2 -